

DUNLAP | GRUBB | WEAVER

www.dglegal.com

199 Liberty St., SW
Leesburg, Virginia 20175
703-777-7319 Telephone
703-777-3656 Facsimile

# FAX COVER SHEET

**FROM:** **Dunlap, Grubb & Weaver, PLLC**

**TO:** **Midcontinent Communications**
**3901 N. Louise Avenue**
**Sioux Falls, SD 57107**

**FAX NUMBER:** **605-330-4083**

**DATE - TIME:** **8/9/2010 3:30 PM**

**RE:** **Civil Subpoena**
**Voltage Pictures, LLC v. Does 1-5,000**
**Civil Action Number 1:10-cv-00873-RMU**
**U.S. District Court for the District of Columbia**

**Number of Pages (Including Cover):**

**COMMENTS:**

This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone (703) 777-7319 immediately and return the original message to us at the address above, via the U.S. Postal Service without copying or disclosing it. Thank you for your cooperation.



EXHIBIT A




877-223-7212 • Fax 866-874-5101
202-316-8558 • Fax 202-318-0242
703-777-7319 • Fax 703-777-3656
subpoena@dgwlegal.com
www.dglegal.com

1200 G Street, NW Suite 800, Washington, DC 20005
199 Liberty St., SW, Leesburg, VA 20175

Monday, August 09, 2010

**VIA FACSIMILE: 605-330-4083**
Midcontinent Communications
3901 N. Louise Avenue
Sioux Falls, SD 57107

Re: Court Order & Subpoena: Voltage Pictures, LLC v. Does 1-5,000
Civil Action No. 1:10-cv-00873-RMU
U.S. District Court for the District of Columbia

Dear Custodian of Records:

Please find the enclosed subpoena and court minute order, together with the attached list of IP Addresses.

In accordance with our duty under Rule 45 and in order to reduce the administrative burden and cost of this production and facilitate your search and records work in retrieving the customer contact information for the enclosed IP addresses, we are willing to provide an Excel spreadsheet containing the target IP addresses via either mail (CD Rom) or e-mail. We are also willing to meet with your IT/research group and provide the data in any format you desire (.csv, .xls, or any database format) in the order with the column names you use to conduct searching or have our IT group write any scripts or other programs to obtain the requested information from your database at our cost to reduce the burden on your company. Lastly, we would very much like to meet with the appropriate records custodians to try to come up with a process and system to ease the burden of compliance for your company if necessary.

Thank you very much for assisting us with this request. We look forward to working with you. Please contact me with any questions. My direct line is 571-252-3311, and my personal e-mail is nkurtz@dglegal.com.

Sincerely,

Nicholas A. Kurtz

Enclosures: Subpoena; Court Minute Order 6-25-10; IP Address List

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Voltage Pictures, LLC
*Plaintiff*
v.
DOES 1-5,000
*Defendant*

Civil Action No. 1:10-cv-00873-RMU

(If the action is pending in another district, state where: )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: MidContinent Communications, Attn: Custodian of Records, 3901 N. Louise Avenue Sioux Falls, SD 57107

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet.

| Place: Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC 1200 G Street, NW Suite 800, Washington, DC 20005 | Date and Time: 09/17/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/09/2010

*CLERK OF COURT*

_____________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Voltage Pictures, LLC, who issues or requests this subpoena, are:

Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel: 877-223-7212, Fax: 866-874-5101, email: subpoena@dgwlegal.com

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| Host IP address | Hit Date (UTC) | Related Title | ISP |
|---|---|---|---|
| 24.220.74.237 | 4/7/10 12:37:02 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.51.109 | 4/7/10 12:51:58 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.111.81 | 4/7/10 01:16:06 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.15.202 | 4/8/10 12:24:19 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.171.2 | 4/8/10 10:39:10 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.99.213 | 4/9/10 12:28:02 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.159.60 | 4/9/10 03:50:59 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.159.121 | 4/10/10 02:02:26 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.163.181 | 4/10/10 02:41:20 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.183.241 | 4/10/10 05:18:38 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.75.15 | 4/10/10 07:05:07 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.205.183 | 4/10/10 05:48:54 PM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.184.84 | 4/11/10 12:09:37 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.170.88 | 4/11/10 08:44:18 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.46.218 | 4/11/10 03:47:08 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.69.126 | 4/13/10 12:26:02 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.85.115 | 4/13/10 01:28:49 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.136.146 | 4/13/10 03:08:30 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.123.86 | 4/14/10 12:56:14 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.172.57 | 4/15/10 05:40:50 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.179.140 | 4/16/10 02:30:46 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.197.30 | 4/17/10 12:48:38 AM | Hurt Locker | Midcontinent Media, Inc. |
| 69.9.250.215 | 4/18/10 03:49:46 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.84.128 | 4/18/10 10:50:14 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.3.6 | 4/19/10 04:45:47 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.71.65 | 4/19/10 05:50:07 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.83.129 | 4/20/10 03:54:17 PM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.182.194 | 4/21/10 02:25:48 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.93.77 | 4/21/10 06:41:48 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.114.96 | 4/24/10 02:37:48 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.52.237 | 4/24/10 04:03:14 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.85.223 | 4/24/10 05:43:25 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.211.72 | 4/25/10 12:19:00 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.168.150 | 4/25/10 04:54:20 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.46.8 | 4/25/10 06:00:38 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.42.16 | 4/25/10 03:11:35 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.213.236 | 4/26/10 11:50:12 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.240.37 | 4/27/10 01:07:43 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.185.13 | 4/28/10 02:13:19 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.50.105 | 4/29/10 09:17:02 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.68.2 | 4/29/10 10:35:03 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.98.39 | 4/30/10 05:34:28 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.123.212 | 5/1/10 01:04:11 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.66.83 | 5/2/10 09:47:18 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.214.212 | 5/3/10 12:36:35 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.119.218 | 5/4/10 02:20:25 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.41.207 | 5/4/10 08:47:14 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.118.44 | 5/4/10 09:06:52 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.194.242 | 5/5/10 12:24:15 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.107.199 | 5/5/10 05:15:27 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.194.188 | 5/6/10 12:49:53 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.32.170 | 5/9/10 12:36:41 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.127.126 | 5/9/10 02:35:11 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.217.63 | 5/9/10 02:35:41 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.115.28 | 5/9/10 04:36:08 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.165.5 | 5/9/10 05:20:35 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.254.81 | 5/9/10 04:14:30 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.146.140 | 5/10/10 12:29:24 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.192.6 | 5/10/10 01:37:20 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.108.158 | 5/10/10 03:31:17 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.32.186 | 5/10/10 03:47:46 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.16.18 | 5/10/10 04:03:27 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.16.178 | 5/10/10 04:37:09 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.102.15 | 5/11/10 01:00:28 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.133.25 | 5/11/10 05:33:29 PM | Hurt Locker | Midcontinent Media, Inc. |

| | | | |
|---|---|---|---|
| 69.9.251.198 | 5/12/10 05:10:18 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.199.66 | 5/12/10 08:16:02 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.39.45 | 5/12/10 12:56:39 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.165.73 | 5/13/10 12:37:50 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.102.103 | 5/14/10 04:18:13 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.33.167 | 5/14/10 02:37:07 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.135.136 | 5/14/10 10:50:13 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.49.23 | 5/15/10 04:46:12 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.106.219 | 5/15/10 05:30:02 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.103.241 | 5/15/10 06:13:47 PM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.242.226 | 5/18/10 07:45:54 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.148.114 | 5/19/10 12:12:01 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.33.130 | 5/19/10 12:42:56 PM | Hurt Locker | Midcontinent Media, Inc. |
| 69.9.251.60 | 5/20/10 12:32:08 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.208.167 | 5/20/10 06:48:41 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.199.253 | 5/23/10 02:25:03 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.3.110.36 | 5/24/10 06:32:35 PM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.16.42 | 5/25/10 12:10:15 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.61.78 | 5/25/10 07:00:14 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.207.205 | 5/26/10 12:35:32 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.162.157 | 5/28/10 10:50:43 PM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.209.143 | 5/31/10 12:54:53 AM | Hurt Locker | Midcontinent Media, Inc. |
| 96.2.124.98 | 5/31/10 04:41:07 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.32.51 | 6/1/10 12:03:45 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.111.9.162 | 6/2/10 03:00:47 PM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.113.7 | 6/2/10 08:55:06 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.199.167 | 6/2/10 09:32:32 PM | Hurt Locker | Midcontinent Media, Inc. |
| 24.230.54.215 | 6/3/10 07:37:15 AM | Hurt Locker | Midcontinent Media, Inc. |
| 24.220.243.187 | 6/4/10 10:49:05 PM | Hurt Locker | Midcontinent Communications |
| 96.3.106.144 | 6/4/10 11:34:43 PM | Hurt Locker | Midcontinent Communications |
| 24.230.131.105 | 6/6/10 03:21:03 AM | Hurt Locker | Midcontinent Communications |
| 24.220.145.198 | 6/6/10 11:46:01 PM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.110.44 | 6/7/10 01:26:42 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.59.240 | 6/7/10 05:05:03 AM | Hurt Locker | Midcontinent Media, Inc. |
| 208.107.130.115 | 6/7/10 12:45:41 PM | Hurt Locker | Midcontinent Communications |
| 208.107.74.126 | 6/7/10 06:22:01 PM | Hurt Locker | Midcontinent Communications |
| 24.111.54.3 | 6/7/10 08:57:50 PM | Hurt Locker | Midcontinent Communications |
| 96.2.97.204 | 6/10/10 03:01:00 AM | Hurt Locker | Midcontinent Communications |
| 96.3.160.185 | 6/10/10 11:55:00 PM | Hurt Locker | Midcontinent Communications |
| 24.220.206.103 | 6/11/10 07:07:10 AM | Hurt Locker | Midcontinent Communications |
| 24.220.65.76 | 6/12/10 12:17:19 AM | Hurt Locker | Midcontinent Communications |
| 24.111.63.6 | 6/12/10 04:21:42 AM | Hurt Locker | Midcontinent Communications |
| 24.220.93.155 | 6/12/10 06:27:43 AM | Hurt Locker | Midcontinent Communications |
| 24.230.131.3 | 6/12/10 04:43:32 PM | Hurt Locker | Midcontinent Communications |
| 24.111.161.218 | 6/14/10 12:16:46 AM | Hurt Locker | Midcontinent Communications |
| 24.111.205.72 | 6/14/10 01:21:08 AM | Hurt Locker | Midcontinent Communications |
| 208.107.113.95 | 6/17/10 05:57:20 AM | Hurt Locker | Midcontinent Communications |
| 96.3.40.249 | 6/17/10 06:05:36 PM | Hurt Locker | Midcontinent Communications |
| 24.111.218.222 | 6/18/10 02:25:28 AM | Hurt Locker | Midcontinent Communications |
| 24.220.131.195 | 6/21/10 12:30:26 AM | Hurt Locker | Midcontinent Communications |
| 96.2.150.82 | 6/22/10 11:10:32 PM | Hurt Locker | Midcontinent Communications |
| 208.107.121.139 | 6/24/10 03:10:26 AM | Hurt Locker | Midcontinent Communications |
| 208.107.208.216 | 6/24/10 10:31:17 PM | Hurt Locker | Midcontinent Communications |
| 24.111.65.135 | 6/26/10 12:22:45 AM | Hurt Locker | Midcontinent Communications |
| 208.107.14.174 | 6/27/10 04:37:40 AM | Hurt Locker | Midcontinent Communications |
| 24.230.111.142 | 6/27/10 12:48:30 PM | Hurt Locker | Midcontinent Communications |
| 24.220.119.181 | 6/27/10 11:00:45 PM | Hurt Locker | Midcontinent Communications |
| 96.3.82.147 | 6/27/10 11:38:22 PM | Hurt Locker | Midcontinent Communications |
| 96.2.154.63 | 6/28/10 02:16:00 AM | Hurt Locker | Midcontinent Communications |
| 24.230.49.169 | 6/28/10 04:41:56 AM | Hurt Locker | Midcontinent Communications |
| 24.230.68.173 | 6/29/10 12:55:11 AM | Hurt Locker | Midcontinent Communications |
| 24.111.192.192 | 6/30/10 03:45:02 AM | Hurt Locker | Midcontinent Communications |
| 96.3.113.62 | 7/1/10 02:53:48 PM | Hurt Locker | Midcontinent Communications |
| 24.230.159.208 | 7/2/10 07:31:33 PM | Hurt Locker | Midcontinent Communications |
| 24.111.26.238 | 7/3/10 01:13:01 AM | Hurt Locker | Midcontinent Communications |
| 208.107.170.250 | 7/3/10 03:21:37 AM | Hurt Locker | Midcontinent Communications |

| | | | |
|---|---|---|---|
| 96.2.109.158 | 7/3/10 11:52:47 AM | Hurt Locker | Midcontinent Communications |
| 69.9.237.113 | 7/4/10 12:23:41 AM | Hurt Locker | Midcontinent Communications |
| 208.107.72.152 | 7/4/10 02:51:12 AM | Hurt Locker | Midcontinent Communications |
| 24.111.68.177 | 7/4/10 06:19:43 AM | Hurt Locker | Midcontinent Communications |
| 96.2.162.28 | 7/6/10 01:02:23 AM | Hurt Locker | Midcontinent Communications |
| 24.111.151.249 | 7/7/10 05:01:24 AM | Hurt Locker | Midcontinent Communications |
| 24.230.36.201 | 7/8/10 07:42:53 AM | Hurt Locker | Midcontinent Communications |
| 24.230.70.96 | 7/8/10 07:45:51 AM | Hurt Locker | Midcontinent Communications |
| 96.2.115.140 | 7/9/10 09:00:11 PM | Hurt Locker | Midcontinent Communications |
| 24.220.246.49 | 7/12/10 04:26:11 AM | Hurt Locker | Midcontinent Communications |
| 96.3.102.231 | 7/12/10 09:58:28 PM | Hurt Locker | Midcontinent Communications |
| 208.107.113.138 | 7/13/10 02:02:09 AM | Hurt Locker | Midcontinent Communications |
| 208.107.130.199 | 7/14/10 05:26:19 AM | Hurt Locker | Midcontinent Communications |

**Full docket text:**
MINUTE ORDER granting [4] motion for order. Upon consideration of the plaintiff's motion for leave to take discovery prior to the Rule 26(f) conference, it is hereby ORDERED that the motion is GRANTED. SO ORDERED. Signed by Judge Ricardo M. Urbina on 06/25/2010. (EN, )

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/30/2010 14:19:58 | | | |
| **PACER Login:** | dg1227 | **Client Code:** | Voltage |
| **Description:** | History/Documents | **Search Criteria:** | 1:10-cv-00873-RMU |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**Nicholas Kurtz**

---

**From:** DCD_ECFNotice@dcd.uscourts.gov

**Sent:** Friday, June 25, 2010 2:35 PM

**To:** DCD_ECFNotice@dcd.uscourts.gov

**Subject:** Activity in Case 1:10-cv-00873-RMU VOLTAGE PICTURES, LLC v. DOES Order on Motion for Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Columbia**

**Notice of Electronic Filing**

The following transaction was entered on 6/25/2010 at 2:34 PM and filed on 6/25/2010

**Case Name:** VOLTAGE PICTURES, LLC v. DOES

**Case Number:** 1:10-cv-00873-RMU

**Filer:**

**Document Number:** No document attached

**Docket Text:**

**MINUTE ORDER granting [4] motion for order. Upon consideration of the plaintiff's motion for leave to take discovery prior to the Rule 26(f) conference, it is hereby ORDERED that the motion is GRANTED. SO ORDERED. Signed by Judge Ricardo M. Urbina on 06/25/2010. (EN, )**

**1:10-cv-00873-RMU Notice has been electronically mailed to:**

Thomas Mansfield Dunlap tdunlap@dglegal.com

Nicholas A. Kurtz nkurtz@dglegal.com

**1:10-cv-00873-RMU Notice will be delivered by other means to::**

JEFF KOWALSKI
17445 Roosevelt Road
Hemlock, MI 48626