

FILED
SEP 2 2 2010
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| VOLTAGE PICTURES, LLC, | CIV. 10-mc-75 |
| Plaintiff, | |
| | ORDER |
| -vs- | |
| DOES 1-5,000, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Midcontinent's Objections To And Motion To Quash a subpoena.[1]

## BACKGROUND

Voltage received an Order from the United States District Court, District of Columbia, allowing Voltage to serve a Rule 45 subpoena on certain ISPs[2] so that the ISPs can divulge the true name, address, telephone number, e-mail address, and MAC address of each Doe Defendant that Voltage believes is pirating its copyrighted movie, *The Hurt Locker*.[3] Midcontinent is one of the ISPs.[4]

On August 9, 2010, Midcontinent received Voltage's subpoena by facsimile transmission.[5] Midcontinent is not a party to the litigation in which the subpoena was issued.[6] On August 23,

---

[1] Doc. 1.

[2] Internet Service Provider.

[3] U.S. District Court, District of Columbia, 10-00873, Doc. 4.

[4] U.S. District Court, District of Columbia, 10-00873, Doc. 4.-3 pp. 6-7.

[5] Doc. 4, p.1.

[6] Doc. 1 & U.S. District Court, District of Columbia, 10-00873 generally.

Midcontinent timely[7] filed this motion to quash and served the motion on Voltage by mail together with Midcontinent's supporting brief.[8] Midcontinent asserts as reasons for quashing the subpoena:

- invalid service of process;

- the subpoena was not issued under the authority of a court described in Rule 45, i.e. the subpoena should be issued under the authority of the District of South Dakota under Rule 45(a)(2);[9]

- the parties whose identities are sought by Voltage have not been notified of the subpoena as Rule 45 requires;

- money was not attached to the subpoena to reimburse Midcontinent for their costs of producing the information.

Voltage has not responded to Midcontinent's motion or brief and the time for doing so has expired.[10]

## DECISION

Service of the subpoena was not in compliance with any of the four descriptions of Rule 45(b)(2). Service by facsimile transmission is not an authorized method of service under the Rule. The motion to quash is GRANTED for insufficient service of process. It is not necessary to address the other issues raised by Midcontinent's motion.

It is ORDERED that Voltage's subpoena dated August 9, 2010, is QUASHED.

Dated September 22, 2010.

BY THE COURT:

John E. Simko
United States Magistrate Judge

---

[7]Federal Rule of Civil Procedure 45(c)(2)(B).

[8]Doc.1. Doc. 4. p. 8 re Certificate of Service.

[9]Under Rule 45(a)(3) an attorney places the pertinent information on a blank subpoena which has been given to the attorney by the clerk of court and signs the completed subpoena.

[10]Local Rule 7.1B and Federal Rule of Civil Procedure 6(d).